Case 2:24-cv-00127   Document 13   Filed on 08/21/24 in TXSD   Page 1 of 4
United States District Court
Southern District of Texas
**ENTERED**
August 21, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00127 |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE FOR FAILURE TO PROSECUTE

Plaintiff Daniel Jackson, appearing *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. At the time he filed this action, he was confined at the Nueces County Jail in Corpus Christi, Texas. (D.E. 1).

In a Notice of Deficient Pleading issued on June 4, 2024, Plaintiff was notified that he must do one of the following within twenty days: (1) pay the $405.00 filing fee for civil rights cases; or (2) submit a completed application to proceed *in forma pauperis* (IFP) along with a certified copy of his inmate trust fund account statement. (D.E. 4). Plaintiff was warned that failure to comply with the Notice of Deficient Pleading in a timely manner may result in his case being dismissed for want of prosecution. *Id*.

Plaintiff failed to comply with the June 4 Notice of Deficient Pleading and submit the requested information. On July 11, 2024, the undersigned ordered Plaintiff to comply with the Notice of Deficient Pleading within twenty days. (D.E. 6, pp. 1-2). The

undersigned instructed Plaintiff that he would comply with the July 11 Order by paying the filing fee or filing an IFP application and a copy of his inmate trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. *Id.* at 2. Plaintiff was warned that his failure to comply with the July 11 Order would result in the undersigned recommending dismissal of this action. *Id.*

Court records reflect that the July 11 Order (D.E. 6) mailed to Plaintiff at the Nueces County Jail was returned with the following notations: Return to Sender, Not Deliverable as Addressed, and Unable to Forward. (D.E. 7). Plaintiff, however, listed his address in his original complaint as "901 Leopard St., Corpus Christi, TX 78401." (D.E. 1, p. 2). This address represents the office location of the Nueces County Jail. *See* http:/nuecesco.com/law-enforcement/sheriff/jail-operations. The address for inmates to receive legal mail at the Nueces County Jail, however, is "(Inmates Full Name and Nueces-SID#), P.O. Box. 1529, Corpus Christi, TX 78403-1529." *Id.*

Because Plaintiff initially provided the Court with an improper address, the undersigned issued an Order on July 29, 2024, directing the Clerk to update Plaintiff's address on the docket and to send him – at the updated address – the June 4 Notice of Deficient Pleading (D.E. 4), the July 11 Order (D.E. 6), and an IFP application to complete. (D.E. 8, p. 2). The undersigned further ordered Plaintiff to comply with the instructions contained therein by August 19, 2024. *Id.* at 3. The undersigned instructed Plaintiff that he would comply with the July 29 Order by paying the filing fee or filing an IFP application and a copy of his inmate trust fund account statement (or institutional equivalent) for the

6-month period immediately preceding the filing of the complaint. *Id.* Plaintiff was warned that his failure to comply with the July 29 Order would result in the undersigned recommending dismissal of this action. *Id.*

Court records reflect that the July 29 Order (D.E. 8) mailed to Plaintiff at his updated Nueces County Jail address has been returned with the following notations: Return to Sender, Not Deliverable as Addressed, and Unable to Forward. (D.E. 12). It appears, therefore, that Plaintiff is no longer confined at the Nueces County Jail.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute). To date, Plaintiff has failed to respond to or otherwise comply with the July 29 Order and submit either the full filing fee or the requested financial information. He has been advised that this action may be dismissed for want of prosecution if he fails to comply with a court order. Furthermore, it appears that Plaintiff is no longer in custody at the Nueces County Jail and has abandoned his case by not filing a notice of change of address. Dismissal is therefore warranted under these circumstances.

Accordingly, the undersigned respectfully recommends that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

Respectfully submitted on August 21, 2024.

                                                                                                                  _____
                                                                                                                  Julie K. Hampton
                                                                                                                  United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).